## BURT THURMOND V. THE STATE.

No. 23239. Delivered December 5, 1945.
Rehearing Denied January 30, 1946.

The opinion states the case.

*Lawrence L. Bruhl* and *Wilburn Oatman, Jr.*, both of Llano, and *Polk Shelton,* of Austin, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of murder with malice of Lulius Crider, and given a penalty of twenty-five years in the State prison, and he appeals.

The appellant filed an affidavit that he was too poor to pay the cost of preparing a statement of facts, and requested the trial court to order the court reporter to prepare such a statement. This the trial court did, but due to the fact that appellant had been moved from the Llano County jail to the Travis County jail soon after the trial was concluded, and where he was continuously confined, and due to the further fact that appellant's attorneys, who were appointed by the court to conduct the trial, did not expect to appeal this cause, this affidavit was not called to the trial judge's attention until about nine days prior to the expiration of the ninety days allowed by law for the filing of such statement, at which time the judge entered his order directing the reporter to make up a statement of facts. Immediately after the entering of such order of the trial judge the court reporter began the preparation of such statement and completed and filed the same on the 9th day after the expiration of such ninety days, the statement consisting of 135 typewritten pages in a narrative form. This statement, agreed to by all parties, and approved by the court, is present in the record. Under the peculiar circumstances of this case, we do not think appellant should be deprived of a statement of facts because of the late filing thereof, and we will consider the same.

There are no bills of exceptions in the record, and the facts briefly show the following:

Appellant and the deceased, Julius Crider, had married sisters, the daughters of Virgil Casper, constable of the Llano precinct and night watchman, appellant's wife being dead at the time of the killing. There had been some previous disagreements between the appellant and the deceased but no serious trouble,

although appellant proved some threats upon the part of deceased to kill appellant. On the night before the killing appellant and deceased met in the back yard where deceased was living, and doubtless had some words, and appellant seems to have been struck by deceased with a piece of 2 x 4 scantling. Appellant complained to the officers that night, and attempted to borrow a pistol. The next morning, being Sunday, appellant was in a barber shop, next to a meat market, in the town of North Llano, and the deceased drove up in a car to this market, going therein and purchasing some meat; as he came out of the door appellant appeared from out the nearby barber shop and shot at deceased, striking him on the body, who crouched down and said: "Don't do that." Appellant shot again and struck deceased near the heart, causing his early death.

The trial court charged the jury on murder, both with and without malice, self-defense, threats, and also admonished the jury not to take into consideration nor mention appellant's failure to take the witness stand in his own behalf. We find no objections nor exceptions taken to the court's charge.

We do find an allegation in the motion for a new trial relative to misconduct of the jury, and testimony relative thereto. The jurors evidently did discuss the fact that there was a void or interim in the testimony of the witnesses relative to what took place between appellant and deceased immediately after deceased came out of the market and before the firing of the first shot. It seemed to be their contention, borne out by the record, that no witness had described the position of these two men just prior to such shooting, and the jury were not enlightened as to such facts. The jurors said in their testimony that under such a situation they decided to reduce the severity of the penalty they awarded him.

It is evidenced by the facts that this homicide took place in the daytime on a public street in the town of north Llano, and there were other persons present besides appellant who could have probably seen the whole transaction and given the jury their version thereof had they been called to the witness stand. Under these circumstances we do not think a mention of the failure to enlighten the jury as to what took place just before the shooting necessarily referred to appellant's failure to testify, there being witnesses other than appellant who could have been used therefor. See Art. 710, Vernon's Ann. Texas C. C. P. We do not think the careful trial court abused his discretion in fail-

ing to grant a new trial on the ground of misconduct of the jury.

We are also of the opinion that the facts are sufficient to show an unlawful killing with malice.

We perceive that the trial court failed to apply the indeterminate sentence law in the judgment herein, and same is therefore amended to provide for appellant's confinement in the State penitentiary for not less than two years nor more than twenty-five years, and as thus amended, the judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant's motion for rehearing presents only the question in the bill of exception complaining of the misconduct of the jury.

A brief filed on the day of submission discusses a great many other matters in the record, and presents an agreement between counsel for the State and the defense showing the elimination of a portion of a written statement given by appellant regarding the homicide. The eliminated part was not read to the jury and plays no part in the consideration of the case in this court.

Complaint is made of inaccuracies in the opinion in stating the facts. We have re-examined the record very carefully and find nothing material in such statements. Consequently, no discussion of them will be made at this time.

The trial of the case ended on the 21st day of June, 1945. On the same date appellant filed his motion for rehearing, alleging misconduct of the jury with affidavits of Ford Clinger and Spencer Weber, two of the jurors in the case, as to discussions which took place. The court immediately heard the motion and these jurors, together with others, were placed on the witness stand to testify as to the occurrences alleged.

The court had given a charge on self defense. At the time of the shooting the record is silent as to whether or not the deceased made any effort to attack appellant. Several witnesses testified as to the shooting, and it is also in evidence that two soldiers were immediately on the scene, but there is no denial

on the part of appellant that there were numerous others within sight of the shooting. Consequently, the rule invoked, that a discussion about the failure to produce this evidence constituted a reference to the failure of the party on trial to testify, is not in the case. The affidavits of the jurors relating to this matter include the further statement in the jury room that the defendant, Burt Thurmond, would have testified to such acts had any been in the case. When these jurors were placed on the witness stand in behalf of the motion they declined to follow this statement. Each one says, as do other jurors, that no reference was made to Thurmond's failure to testify in such discussion. The affidavits could not be accepted by this court, contrary to the evidence given by the jurors and the finding of the trial court on the facts presented on the motion. Even if the jurors had made such statement on the hearing as appears in the affidavits, there is contradicting evidence and the finding of the trial court would be conclusive on appeal.

Counsel presenting this case were appointed by the court and deserve the highest commendation for their diligence in performing the duty placed upon them. It is perfectly apparent from the record that appellant was ably represented on the trial of his case and the heavy penalty which the jury gave him does not in any way indicate any lack of diligence or ability on the part of his counsel. The statement of facts in the case, as discussed in the original opinion, was delayed due to what we considered questionable lack of diligence but we did not find that appellant was altogether blameless in the matter, and could not now say that our conclusion to consider the statement of facts prevented a reversal of the case. To the contrary, the writer is of the opinion that any laxity of our rules in the matter inured to his benefit and there would have been no reversible error presented had we concluded not to consider the statement of facts. The case has been thoroughly presented and we have given the motion for rehearing careful consideration. We find no error in the trial of the case.

The appellant's motion for rehearing is overruled.